**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

THE ESTATE OF THOMAS CRELLY, deceased; TINA HLADIK, JULIE SCHMIDT, CALEB CRELLY, as Personal Representatives of the Estate of Kathleen Crelly, deceased,

     Plaintiffs - Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant - Appellee,

and

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,

     Defendant.

No. 23-6102
(D.C. No. 5:21-CV-00588-R)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The sole issue on this appeal is whether Oklahoma or Missouri law governs the interpretation of an automobile-insurance policy. On November 23, 2018, Kathleen Crelly was killed and Thomas Crelly was seriously injured in Oklahoma when a vehicle driven by James Drawbridge crossed into their traffic lane and struck their vehicle. Drawbridge carried automobile-liability insurance, but the limits of liability were far below the damages to the Crellys. Plaintiffs, the estate of Mr. Crelly[1] and the personal representatives of the estate of Mrs. Crelly, then brought a diversity action against their own insurer, State Farm Automobile Insurance Company, in the United States District Court for the Western District of Oklahoma, seeking benefits under the uninsured-motorist provision of their policy. The policy was issued in Missouri, where the Crellys resided and principally garaged their vehicle.

Oklahoma law would permit a claim, because it treats uninsured-motorist protection as encompassing coverage when the other driver is merely underinsured—that is, the other driver carries liability insurance but not enough to cover all the damages suffered by those having uninsured-motorist protection. *See* 36 Okla. Stat. § 3636(C). In contrast, there is no requirement of underinsured-motorist protection under Missouri law; such coverage is purely a matter of contract. *See Rodriguez v. Gen. Acc. Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. 1991) ("There are no statutory requirements in Missouri for underinsured motorist coverage. Therefore, the existence of the coverage [is] determined by the contract entered between the insured

---

[1] Mr. Crelly died while the district-court action was pending. His estate was therefore substituted as a plaintiff.

and the insurer."). Here, the State Farm policy did not include underinsured-motorist protection.

On undisputed facts the district court granted summary judgment to State Farm, holding that Missouri law governed. Exercising jurisdiction under 28 U.S.C. § 1291, we agree and affirm the judgment below.

This is not a case of first impression for this court. *Rhody v. State Farm Mutual Insurance Co.*, 771 F.2d 1416 (10th Cir. 1985), concerned the amount of the uninsured-motorist benefits to be awarded for the death of Donnell Rhody Jr., a resident of Oklahoma who died in a vehicle accident in Oklahoma while driving a car garaged in Oklahoma. *See id.* at 1417–18. His vehicle was insured under an automobile policy issued in Texas to his parents; the policy also covered two vehicles garaged in Texas. *See id.* at 1417. Each vehicle had $10,000 in uninsured-motorist coverage. *See id.* at 1417–1418. Under Texas law the uninsured-motorist protection was limited to $10,000; under Oklahoma law the coverage for all three vehicles would be "stacked," providing $30,000 in coverage. *See id.* at 1418. In litigation brought in the United States District Court for the Western District of Oklahoma, this court applied Oklahoma choice of law, which we said selected the law where the insurance policy was issued—namely, Texas. *See id.* at 1418–21.

The Oklahoma Supreme Court modified the *Rhody* approach somewhat in *Bohannan v. Allstate Insurance Co.*, 820 P.2d 787 (Okla. 1991). Although agreeing with the result in *Rhody*, *see id.* at 793 ("We would not disturb the application of the choice of laws rule in [*Rhody*]."), it recognized that there could be exceptions, stating

that it was adopting "the following choice of laws rule to be applied in motor vehicle insurance cases involving conflicting state laws":

> The validity, interpretation, application and effect of the provisions of a motor vehicle insurance contract should be determined in accordance with the laws of the state in which the contract was made, unless those provisions are contrary to the public policy of Oklahoma, or unless the facts demonstrate that another jurisdiction has the most significant relationship with the subject matter and the parties.

*Id.* at 797.

A more recent decision by the Oklahoma Supreme Court, however, indicates that those exceptions—which apply in general to motor-vehicle policies—do not apply to uninsured-motorist provisions. In resolving whether Oklahoma or Texas law governed an uninsured-motorist provision in an automobile policy, the court wrote: "A choice-of-law analysis is unnecessary and may be dispensed with in this case," because "[t]he Oklahoma Legislature has directed a specific choice-of-law provision to govern under the [uninsured-motorist] statute." *Bernal v. Charter Cnty. Mut. Ins. Co.*, 209 P.3d 309, 316 (Okla. 2009) (emphasis omitted). It explained that 36 Okla. Stat. § 3636 (the provision requiring automobile policies to include uninsured-motorist provisions unless rejected in writing by the insured) "[b]y its own terms . . . applies solely to a policy 'issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state.'" *Id.* (quoting 36 Okla. Stat. § 3636(A), emphasis omitted). Because the policy at

issue in the case before us satisfies none of the statutory conditions, the Oklahoma uninsured-motorist statute cannot apply.

The law of the issuing state, Missouri, governs this case. Plaintiffs would have us certify the choice-of-law issue to the Oklahoma Supreme Court to permit it, in their view, to correct its errors. We decline the invitation.

We **AFFIRM** the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge